IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03461-RM-MJW

BRIAN AGSTER, and
MISCHA AGSTER,

Plaintiff,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED Defendant's Motion for Leave to Amend Its Answer to Include an Affirmative Defense Based on the Statute of Limitations (Docket No. 32) is DENIED.

Federal Rule of Civil Procedure 15 governs the amendment of pleadings. Because the time for amending as of right has long passed, and because Plaintiffs oppose the most recent amendment, Defendant must seek the Court's leave to file an amended answer. Fed. R. Civ. P. 15(a). Pursuant to Rule 15, "[t]he court should freely give leave when justice so requires." *Id.* at 15(a)(2). "The purpose of the Rule is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.,* 451 F.3d 1196, 1204 (10th Cir. 2006). Thus,

> "[i]n the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be 'freely given.'"

*Id.* (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Moreover, where a motion to amend comes after the scheduling order deadline, the moving party must also meet the "good cause" standard of Rule 16(b):

> In practice, this standard requires the movant to show the "scheduling deadlines cannot be met despite [the movant's] diligent efforts." Rule 16's

>good cause requirement may be satisfied, for example, if a plaintiff learns new information through discovery or if the underlying law has changed. If the plaintiff knew of the underlying conduct but simply failed to raise [the new] claims, however, the claims are barred.

*Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240-41 (10th Cir. 2014) (internal citations omitted).

Here, Defendant has not shown that, despite its diligent efforts, it could not have asserted the statute of limitations earlier. It is true that Plaintiff's complaint does not set forth the *dates* of the events at issue. For that reason, Defendant could not have prevailed on a Rule 12(b)(6) motion based on the statute of limitations. But Defendant could still have pleaded the defense. The facts asserted in the complaint – specifically, paragraphs 13, 14, and 15 of the Amended Complaint – were more than sufficient to put Defendant on notice of the claims against it, and to trigger Defendant's duty to research its own defenses. Those allegations informed Defendant of the facts at issue, and Defendant had full knowledge of the dates of those facts. There is no reason why Defendant had to wait for further clarification from Plaintiffs before asserting the statute of limitations.

Defendant has not met the standards for amending the Scheduling Order under Rule 16(b). Further, the Court believes Defendant's timing would constitute undue delay even under the looser standards of Rule 15(a)(2). Accordingly, Defendant's motion (Docket No. 32) is DENIED.

Date: June 23, 2015