IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03461-RM-MJW

BRIAN AGSTER and
MISCHA AGSTER,

       Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

       Defendant.

---

**STIPULATED AMENDED PROTECTIVE ORDER** ( Docket No. 53-1 )

---

Upon a showing of good cause in support of the entry of a Stipulated Amended Protective Order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, and to address inadvertent extraneous language in the initial Protective Order (ECF No. 35), the parties enter into this Stipulated Amended Protective Order ("Protective Order"):

    1.    This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure.

    2.    As used in this Protective Order, "document" is defined as provided in Fed. R. Civ. P. 34(a). A draft or non-identical copy is a separate document within the meaning of

this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates privacy interests in trade secrets, commercial information, or confidential information regarding litigation strategy, attorney-client communications, or protected and confidential settlement-related information. CONFIDENTIAL information shall not be disclosed or used for any purpose except the preparation and trial of this case. Such materials may be appropriately deemed confidential because they may contain strategic or other nonpublic information related to attorney-client communications, commercial information, or trade secrets. Such materials are also appropriately deemed confidential as a means of ensuring compliance with the spirit and letter of attorneys' duties of confidentiality owed to their clients under rules of professional conduct and to ensure that sensitive confidential information is kept confidential.

4. CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the party producing it or further Order of the Court, be disclosed except that such information may be disclosed to:

    (a) attorneys actively working on this case;

    (b) persons regularly employed or associated with the attorneys actively working on the case whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

    (c) the parties, including designated representatives for the entity defendant;

    (d) expert witnesses and consultants retained in connection with this proceeding, to the extent such disclosure is necessary for preparation, trial or other proceedings

in this case;

(e)　the Court and its employees ("Court Personnel");

(f)　stenographic reporters who are engaged in proceedings necessarily incident to the conduct of this action;

(g)　deponents, witnesses, or potential witnesses; and

(h)　other persons by written agreement of the parties.

5.　Prior to disclosing any CONFIDENTIAL information to any person listed above (other than the parties, persons employed by the parties, counsel, persons employed by counsel, Court Personnel and stenographic reporters), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment, in the form of Exhibit A to this Protective Order, stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6.　Documents are designated as CONFIDENTIAL by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL."

7.　Whenever a deposition involves the disclosure of CONFIDENTIAL information, the deposition or portions thereof shall be designated as CONFIDENTIAL and shall be subject to the provisions of this Protective Order. Such designation shall be made on the record during the deposition whenever possible, but a party may designate portions of depositions as CONFIDENTIAL after transcription, provided written notice of the designation is promptly

given to all counsel of record within thirty (30) days after notice by the court reporter of the completion of the transcript.

8. A party may object to the designation of particular CONFIDENTIAL information by giving written notice to the party designating the disputed information. The written notice shall identify the information to which the objection is made. If the parties cannot resolve the objection within ten (10) business days after the time the notice is received, it shall be the obligation of the party designating the information as CONFIDENTIAL to file an appropriate motion consistent with D.C.COLO.LCivR. 7.2 requesting that the Court determine whether the disputed information should be subject to the terms of this Protective Order. If such a motion is timely filed, the disputed information shall be treated as CONFIDENTIAL under the terms of this Protective Order until the Court rules on the motion. If the designating party fails to file such a motion within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL and shall not thereafter be treated as CONFIDENTIAL in accordance with this Protective Order. In connection with a motion filed under this provision, the party designating the information as CONFIDENTIAL shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL.

9. At the conclusion of this case, unless other arrangements are agreed upon, each document and all copies thereof which have been designated as CONFIDENTIAL shall be returned to the party that designated it CONFIDENTIAL, or the parties may elect to destroy CONFIDENTIAL documents. Where the parties agree to destroy CONFIDENTIAL documents, the destroying party shall provide all parties with an affidavit confirming the destruction.

10. This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

Dated this 25TH day of August, 2015.

BY THE COURT:

Michael J. Watanabe,
United States Magistrate Judge

STIPULATED AND AGREED TO:

Dated: August 24, 2015                              Respectfully submitted,

                                                                     s/ Ross I. Ziev
                                                                     Ross I. Ziev
                                                                     Jessica Mauser
Speights and Worrich, LLC
116 Inverness Drive East, Suite 270
Englewood, CO 80112
Telephone: 303.662.8082
Email: ross@speightsfirm.com
        jmauser@speightsfirm.com

Attorneys for Plaintiffs Brian Agster and Mischa Agster

Dated: August 24, 2015                              Respectfully submitted,

                  s/ Benjamin I. Kapnik
Terence M. Ridley
Evan B. Stephenson
Benjamin I. Kapnik
Wheeler Trigg O'Donnell LLP
370 17th Street, Suite 4500
Denver, CO 80202
T: 303.244.1800
F: 303.244.1879
ridley@wtotrial.com
stephenson@wtotrial.com
kapnik@wtotrial.com

Attorneys for Defendant Allstate Fire and Casualty Insurance Company

6

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03461-RM-MJW

BRIAN AGSTER and
MISCHA AGSTER,

        Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY
INSURANCE COMPANY,

        Defendant.

**EXHIBIT A: AGREEMENT TO BE BOUND BY PROTECTIVE ORDER**

    I, _____, declare and agree as follows:

1.    My address is _____.

2.    My present employer is _____
_____.

3.    My present occupation or job description is _____
_____.

4.    I acknowledge that I may receive information or material, or both, designated as "CONFIDENTIAL" in accordance with the Protective Order ("Order") regarding treatment of Confidential Information entered by the Court in the lawsuit identified in the above caption.

5.    I have received a copy of that Order and have read it. I am familiar with its terms and conditions. I agree to comply with and to be bound by each of the terms and conditions of

that Order. In particular, I agree to hold in confidence, in accordance with the requirements of the Order, any information and material disclosed to me pursuant to that Order.

      6.      I understand that the Order has been issued by a court of competent jurisdiction and is enforceable by the power of contempt. I understand fully that my breach of the Order, or any of its terms, may result in sanctions by the Court, contempt proceedings, or other proceedings to enforce the terms of the Order.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and represents my understanding of my agreement to be bound to the terms of the Protective Order.

      Executed this _____ day of _____, _____, at _____.

      Signed:_____