IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 14-cv-03461-RM-MJW

BRIAN AGSTER, and
MISCHA AGSTER,

Plaintiffs,

v.

ALLSTATE FIRE AND CASUALTY INSURANCE COMPANY,

Defendant.

## MINUTE ORDER

Entered by Magistrate Judge Michael J. Watanabe

It is hereby ORDERED that the Motion of Lodge Adjusting & Consulting Corp. To Quash and for Protective Order (Docket No. 47) and the Motion of Clark Lodge to Quash Subpoena and Deposition, and for Protective Order (Docket No. 51) are both DENIED.

Both motions are predicated entirely on the evidentiary privilege in the Colorado Uniform Arbitration Act (CUAA), at C.R.S. § 13-22-214(4)(a). The subpoenaed parties, – Lodge Adjusting & Consulting Corp., and Clark Lodge personally – make no other arguments, except for a conclusory and unsupported undue-burden argument by Lodge Adjusting & Consulting Corp. Accordingly, if the CUAA does not apply to the appraiser-and-umpire process at issue here, the motions must be denied.

The precedent in this district is split as to whether the appraiser-and-umpire process at issue here is an "arbitration" for purposes of the CUAA. Last year, Magistrate Judge Mix concluded that the Act applies. *Lim v. Am. Econ. Ins. Co.*, 2014 WL 1464400 (D. Colo. Apr. 14, 2014). But just last week, Senior Judge Babcock came to the opposite conclusion, concluding that the Act does not apply. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 2015 WL 5284704, at *2–4 (D. Colo. Sept. 10, 2015). Judge Babcock did so even though, in the same case, he had already ordered the parties to engage in the appraisal process – relying in part on *Lim* and the CUAA's public policy of favoring arbitration-type proceedings. *Auto-Owners Ins. Co. v. Summit Park Townhome Ass'n*, 2015 WL 1740818, at *4 (D. Colo. Apr. 14, 2015). I find Judge Babcock's treatment of the question to be persuasive, and I follow it here. Accordingly, the motions are denied.

Date: September 15, 2015